IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY M. NASH, ) | CASE NO. 1:11CV0070 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| BOB REID, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

Plaintiff *pro se,* Timothy M. Nash, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Cuyahoga County, Ohio Sheriff Bob Reid, Cuyahoga County Prosecutor William D, Mason, the Cuyahoga County Public Defender C.E.O. and Assistant Cuyahoga County Public Defender Kathline Demetts, City of Cleveland Law Director Robert Triozzi and City of Cleveland, Ohio Prosecutor. He alleges that he was arrested on November 24, 2010 by the Cleveland police. The City prosecutor and Defendant Demetts conspired to deprive him of his right to confront witnesses and examine the evidence against him. Plaintiff asserts that this case concerns Defendants policy or custom to suspend all law pertaining to criminal trials. He requests damages in the amount of $25,000,000.00, a freeze on Defendants' assets and an investigation of his entire criminal case history.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000

WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The Cuyahoga County Common Pleas Court docket shows that on February 15, 2011, Plaintiff pled guilty to Theft, Aggravated Theft, R.C. 2903.02CA)(1), and was sentenced to a term of imprisonment of 70 days and Community Control Sanctions. *State of Ohio v. Nash*, Case No. 10-CR-544615. He is asserting that the court proceedings were unconstitutional. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Brooks v. McQuiggin,* 2010 WL 432250 * 3 (W.D.Mich., Jan. 26, 2010) (habeas corpus is the appropriate remedy for state prisoners challenging the validity of the fact or length of their confinement). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.

Further, absent an allegation that Plaintiff's current conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

There are no allegations against Sheriff Bob Reid, City of Cleveland Law Director Robert Robwer Triozzi or Cuyahoga Public Defender C.E.O. The Sixth Circuit held in *Hays v. Jefferson*

2

*County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). Therefore, Sheriff Reid Law Director Triozzi and the Cuyahoga Public Defender C.E.O. must be dismissed as a party Defendants.

Also, in order to state a claim under § 1983, Plaintiff must show that the alleged violations were committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). The Supreme Court has held that "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325 (1981)*; Ferguson v. Louisville Metro Police*, 2010 WL 4860298 * 3 (W.D.Ky., Nov. 22. 2010). Thus, the Cuyahoga Public Defender C.E.O. and Assistant Public Defender Kathline Demetts are not a proper parties.

Further, prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor Mason or the City of Cleveland Prosecutor acted outside of the scope

3

of their responsibilities.

Accordingly, for the reasons set forth above, it is ordered that this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: *3/14/11*          */s/Dan Aaron Polster*
                         DAN AARON POLSTER
                         UNITED STATES DISTRICT JUDGE